■ MARILYN HASKELL, Appellant, v JEROME HASKELL, Respondent. (Action No. 1.) MARILYN HASKELL, Appellant, v JEROME HASKELL et al., Respondents. (Action No. 2.)—In an action for a divorce and ancillary relief (action No. 1), and an action, *inter alia,* to recover damages for fraud (action No. 2), the plaintiff wife appeals from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated March 17, 1988, as denied her motion to consolidate actions Nos. 1 and 2, and granted the cross motions of the defendants in action No. 2 to dismiss the complaint in that action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the complaint in action No. 2 is reinstated and action No. 1 and action No. 2 are consolidated under index No. 3459/83.

The Supreme Court erred in dismissing the complaint in action No. 2 as premature. The defendant husband's stock in the corporate defendant in action No. 2 represents a significant marital asset, the value of which, we note, has been found to have been substantially and deliberately diminished. Under the circumstances of this case, we conclude that the plaintiff wife should be permitted to maintain an action to preserve the asset's value. Furthermore, since action No. 1 and action No. 2 involve common questions of fact, they should be consolidated *(see,* CPLR 602 [a]). Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.